FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 12, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNE D.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:17-CV-05075-EFS <br><br> **ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF** |

Before the Court, without oral argument, are cross summary judgment motions. ECF Nos. 13 & 15. Plaintiff, Anne D., appeals the Administrative Law Judge's (ALJ) denial of benefits. *See* ECF Nos. 1 & 13. Defendant, the Commissioner of Social Security (Commissioner), asks the Court to affirm the ALJ's determination that Anne is not disabled and is capable of performing substantial gainful activity in a field for which a significant number of jobs exist in the national economy. *See* ECF Nos. 8 & 15. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants Anne's Motion for Summary Judgment and denies the Commissioner's Motion for Summary Judgment.

---

[1] To protect privacy, the Court refers to all social-security plaintiffs by first name and last initial. See proposed draft of LCivR 5.2(c). When quoting the Administrative Record in this order, the Court will substitute "Anne" for any other identifier that was used, and — for the sake of readability — the Court will refrain from using brackets to indicate such substitutions.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 1

**I.  Facts and Procedural History[2]**

Plaintiff Anne D. was born in 1962. *See* Administrative Record, ECF No. 9, (AR) 157. She has long suffered from depression, but medication seemingly provided sufficient relief until early 2012. *See* AR 319.

At the end of April 2012, Anne lost her job working as an IT manager. AR 85, 322. In February 2013, during an appointment for medication management and a "brief therapeutic interval," Anne reported, "most days I see myself spiraling down and I can't help it. I can't cope with the daily stuff." AR 323. Anne's longtime treatment provider, Deborah D. Dell, ARNP (Nurse Dell), reported that Anne had regressed. AR 323. Nurse Dell strongly encouraged Anne to meet with her therapist, Cynthia Benson, MS LMFT (Therapist Benson) "to process the emotions triggered by the multiple disappointments she has experienced the past 10 months." AR 323.

At the end of April 2013 — exactly one year after she lost her job — Anne was hospitalized for suicidal ideations. AR 258. She was treated for one week at an inpatient unit, which changed her medication regimen. AR 258, 357. Following her release, Nurse Dell's treatment notes varied from showing "significant improvement" to "no improvement." AR 327–32. But in August 2013, Anne started taking the drug Abilify, which showed great promise in treating her depression

---

[2] Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs. The Court summarizes only those facts that are relevant to its decision; as the ALJ largely relies on Anne's longitudinal treatment history, *see, e.g.*, AR 26, the Court sets forth the related facts in more detail.

symptoms. *See* AR 347-78 (noting that Anne "has improved since addition of Abilify").

In October 2013, Anne filed her first application for disability, alleging disability beginning April 30, 2012 (the date she lost her job). AR 10. In November 2013, Nurse Dell provided a psychiatric review indicating that Anne had marked functional limitations (down from extreme before Abilify) in three areas: (1) restriction of activities of daily living, (2) difficulties in maintaining social functioning, and (3) difficulties in maintaining concentration, persistence, or pace. AR 347. Also in November 2013, Therapist Benson similarly opined that Anne had marked functional limitations in those same areas. AR 371.

A few months later, in December 2013, James Bailey, Ph.D. — a non-examining, State-agency psychologist — opined that the "evidence shows that Anne has some limitations in the performance of certain work activities; however, these limitations would not prevent the individual from performing past relevant work as a/an Business System Analyst." AR 85. Anne's claim was denied in January 2014, and she asked for a review of that decision. AR 19.

In early January 2014, Nurse Dell's notes indicated "significant progress" and that Anne "feels better and that others have noticed a positive improvement in her mood and demeanor since she started taking the Ritalin regularly." AR 378. Nurse Dell stated, "Overall, Anne's mood has significantly improved[,] which was also noted by her therapist today." AR 378. Even at that point, however, Therapist Benson's psychological assessment of Anne indicated she suffered from

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 3

extreme depression and anxiety. AR 354. Then, at the end of January 2014, despite the noted improvement, Anne reported that she "continues to need lorazepam when she leaves the house except for her therapy sessions." AR 380. Further, Anne's treatment providers started her on another medication and discontinued Abilify because of excess weight gain. AR 380.

In February 2014, another non-examining, State-agency psychologist, Beth Fitterer, Ph.D., reconsidered Anne's claim. AR 89. In finding Anne only partially credible, Dr. Fitterer stated, "The objective evidence does not support the level of clmnt reported limitations. Situational onset with stressors/loss of pets/job and significant improvement noted with meds at least by 9/2013." AR 95. Dr. Fitterer also assigned only limited weight to Nurse Dell's and Therapist Benson's opinions, "as both sources acknowledge significant improvement with medications started 9/2013." AR 96. And Dr. Fitterer determined that Anne was not disabled because she could perform past relevant work as a business system analyst. AR 99.

Also in February 2014, after noting that Anne showed "no improvement" and that her mood was "dysphoric and irritable with congruent affect," Nurse Dell restarted Anne on Abilify. AR 403. For the next several months, Anne generally improved; Nurse Dell's notes reflected progress ranging from "modest" to "significant." AR 401–58. With the encouragement of her treatment providers, Anne was able to perform a small amount of volunteer work at the local hospital, hold a part-time job doing technical writing, and take an in-person math class at the community college. *See, e.g.*, AR 49.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 4

Near April 2015, however, both Nurse Dell and Therapist Benson indicated that Anne's depression had become worse again. AR 413, 436. In August 2015, one of Anne's treating physicians, Dr. Jumee Barooah, M.D., noted that "psychiatry seems to help [Anne,] but lately she has been feeling as if she has no mission in life — has had thoughts about self-harm." AR 470.  And, at the end of August, Therapist Benson opined that Anne would likely be off-task 21-30% of the time and would likely miss four or more days of work per month. AR 515.  Therapist Benson stated that although Anne "has improved to the point she is able to take one or two classes at a time," doing so causes a great deal of stress, and Anne "would not do well in a work setting just yet." AR 516.

Also in August 2015, N.K. Marks, Ph.D., an examining physician and licensed psychologist, conducted a psychological/psychiatric evaluation.  Dr. Marks indicated that Anne had marked limitations in three work-related areas of functioning. AR 511.

On December 8, 2015, Administrative Law Judge (ALJ) Ilene Sloan issued a decision finding Anne not disabled for purposes of the Social Security Act. AR 29.  The ALJ found that Anne has the following severe impairments: major depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder (ADHD). AR 21.  Despite those impairments, however, the ALJ found that Anne has the residual functional capacity (RFC) to perform "a full range of work at all exertional levels," so long as such work includes the following nonexertional limitations: "she can work in a low stress environment defined as only routine changes in the workplace setting.  Contact

with the general public cannot be an essential element of any task, but occasional superficial public contact is not precluded." AR 23.

Given those nonexertional limitations, the ALJ found that Anne is unable to perform her past relevant work as a business systems analyst, a project manager, or a technical writer. AR 27–28. But the ALJ went on to find that Anne is capable of performing the requirements of the following representative occupations: small parts assembler, maid, mailroom clerk, laundry worker, and warehouse worker. AR 28–29.

The Appeals Council denied Annes's request for review, AR 1, making the ALJ's decision the final agency action for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210. Anne filed this lawsuit on June 1, 2017, appealing the ALJ's decision. ECF No. 1. The parties then filed the present summary-judgment motions. ECF Nos. 13 & 15.

## II. Standard of Review

The Court will uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[3] *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).

*Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

### III. Applicable Law & Analysis[4]

Anne makes several arguments in favor of reversing the Commissioner's decision. ECF No. 13 at 8–9. However, because the Court finds that the ALJ erred in improperly rejecting the opinions of Anne's medical providers, it need not address her remaining arguments.

**A. The ALJ erred in rejecting Dr. Marks' opinion without providing specific and legitimate reasons supported by substantial evidence.**

"In disability benefits cases, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work."[5] When an examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record."[6] The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings."[7]

Here, Dr. Marks — an examining physician and acceptable medical source[8] — conducted a psychological/psychiatric evaluation. Although Drs. Bailey and Fitterer obviously could not have given the June 2014

---

[4] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 20–21, and the Court presumes the parties are well acquainted with that standard process. As such, the Court does not restate the five-step process in this order.
[5] *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation marks omitted).
[6] *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).
[7] *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).
[8] *See* 20 C.F.R. § 404.1502.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 7

assessment any consideration, their previous disability determinations are in contradiction with Dr. Marks' more recent assessment. *See* AR 77-86, 89-100, 508-512. After all, Dr. Marks determined that Anne had marked limitations in the following three work-related areas of functioning: making simple work-related decisions, communicating and performing effectively in a work setting, and completing a normal work day and work week without interruptions from psychologically based symptoms. AR 511. Dr. Marks stated as follows:

> At this point, Anne's depression would interfere with her ability to maintain employment due to poor concentration, avoidance, likely poor task completion and confusion as well as a very negative self-appraisal[,] which could affect how she approaches tasks and interacts with others on the job. She would likely give up easily at the first sign of failure. She already experiences suicidal ideations and forcing her to work at this point might increase those ideations.

AR 509, 511.

The ALJ gave little weight to Dr. Marks's assessment — as well as the assessments by Therapist Benson and Nurse Dell — and provided five reasons for doing so: (1) they "are inconsistent with the Anne's longitudinal treatment history"; (2) they are inconsistent with Anne's "performance on mental status examinations"; (3) they are inconsistent with Anne's "documented daily activities"; (4) Anne's "symptoms have been adequately controlled through counseling and medication management" since her hospitalization in April 2013; and (5) the assessments "were based at least in part on Anne's self-report, but, as noted, her allegations are not entirely credible." AR 26-27.

None of the ALJ's five reasons for rejecting Dr. Marks' opinion are supported by substantial evidence. First, contrary to the ALJ's

finding, and as set forth above, Dr. Marks' assessment was perfectly consistent with the Anne's longitudinal treatment history. Second, the ALJ provides no explanation for how Dr. Marks' assessment was inconsistent with Anne's performance on mental status examinations; Dr. Marks own mental status exam acknowledged that Anne's mental faculties were within normal limits and that she demonstrated "good memory skills" and "excellent abstract thought" AR 511–12. That Anne may have, as Dr. Marks puts it, "above average innate intelligence" does not make her any less likely to miss work or have difficulties because of her depression, anxiety, and/or ADHD.

The ALJ likewise failed to articulate how Dr. Marks' assessment was inconsistent with Anne's daily activities. None of the activities cited by the ALJ were inconsistent with Dr. Marks' assessment of the workplace limitations that Anne's symptoms would cause. *See* AR 22–23. Indeed, Anne's treatment records show that she frequently had difficulty with daily activities and social interactions that are far less demanding than a full-time job. And the Ninth Circuit has repeatedly cautioned ALJs against confusing basic activities of daily living, such as driving or having a limited number of friends, with activities of full-time employment.[9]

The record lacks any substantial evidence to support the ALJ's finding that Anne's "symptoms have been adequately controlled through

---

[9] *See Garrison*, 759 F.3d at 1014, 1016; *see also Reddick*, 157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1987) (noting that claimants need not "be utterly incapacitated to be eligible for benefits . . . many home activities are not easily transferable to what may be the more grueling environment of the workplace . . . .").

counseling and medication management" since her hospitalization in April 2013. *See* AR 27. Instead, as demonstrated above, Anne's longitudinal treatment record shows that she was taking steps to someday return to employment, and she had periods of progress, but she was still prone to regressions. Even during the months preceding the ALJ's decision, Anne's medical care providers were still trying to find the correct combination of medications and counseling to stabilize Anne's conditions. *See, e.g*, AR 413 (noting "mild dysphoria" under progress and increasing the dosage of one of Anne's antidepressants).

Lastly, although an ALJ may reject an examining physician's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible,"[10] Dr. Marks conducted a clinical interview and a mental status evaluation. "These are objective measures and cannot be discounted as a 'self-report.'"[11] Moreover, "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness."[12] "Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry."[13]

---

[10] *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted).
[11] *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).
[12] *Buck*, 869 F.3d at 1049 (9th Cir. 2017).
[13] *Id.*

**B. The ALJ erred in rejecting Nurse Dell's and Therapist Benson's opinions without providing germane reasons supported by substantial evidence.**

For purposes of Anne's claim, advanced nurses and/or therapists are not considered "acceptable medical sources" but are instead "other sources" whose opinions are entitled to less weight than that of a physician.[14] An ALJ need only give "germane reasons," supported by substantial evidence, to discredit other-source opinions.[15]

Even so, when considering how much weight to give to other-source opinions, the Social Security Administration directed ALJs to consider the following factors: (1) how long the source has known and how frequently the source has seen the claimant; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; (5) whether the source has a specialty or area of expertise related to the claimant's impairments; and (6) any other factors that tend to support or refute the opinion. SSR 06-03p.[16] As such, depending on the particular facts of a case, a treatment provider who is not an "acceptable medical source" may nonetheless give an opinion that should outweigh the opinion of an acceptable medical source, such as the opinion of a reviewing

---

[14] *See Huff v. Astrue*, 275 F. App'x 713, 716 (9th Cir. 2008). *But see* 20 C.F.R. § 404.1502 (adding licensed advanced practice nurse to the list of "acceptable medical sources" for claims filed on or after March 27, 2017).
[15] *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).
[16] SSR 06-03p was rescinded effective March 27, 2017. 82 Fed. Reg. 58444 (March 27, 2017). However, it was in effect when the ALJ rendered her decision. *See* 20 C.F.R. § 404.1527(f).

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 11

doctor.[17] And, as with all findings by the ALJ, the decision to weigh one medical opinion more heavily than another must be supported by substantial evidence.[18]

Here, the ALJ assigned "significant weight" to the two non-examining, State-agency psychologists' opinions. AR 26. In doing so, however, there is no indication the ALJ considered the applicable factors listed above. Unlike Drs. Bailey and Fitterer, Nurse Dell and Therapist Benson were long-time treatment providers who saw Anne on a regular basis; their opinions were consistent with each other and every other medical provider that had actually treated or examined Anne. Nurse Dell and Therapist Benson supported their opinions with a considerable amount of treatment notes and several tests and assessments, and they both are experts in treating mental health problems such as depression and anxiety. Moreover — as discussed above in regards to the ALJ improperly discounting Dr. Marks' opinion — the record does not support the ALJ's five stated reasons for discounting Nurse Dell's and Therapist Benson's opinions.

**C.  The ALJ's errors warrant reversal and further proceedings.**

In summary, the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Marks' opinion. Similarly, the ALJ did not provide germane reasons, supported by substantial evidence, for rejecting Nurse Dell's and Therapist Benson's opinions.[19] Finally, the ALJ did not adequately

---

[17] *See* 20 C.F.R. § 404.1527(f).
[18] *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).
[19] *See Molina*, 674 F.3d at 1111. *C.f. Haagenson v. Colvin*, 656 Fed. Appx. 800, 802 (9th Cir. 2016) (holding that ALJ's dismissal of

set out a detailed and thorough summary of the conflicting clinical evidence and provide her interpretation thereof while making her findings.[20]

At a minimum, had the ALJ properly considered the opinions of Dr. Marks, Nurse Dell, and Therapist Benson, the ALJ's RFC findings and the hypothetical questions posed to the vocational expert would likely have included additional limitations. Because the ultimate disability decision may have changed if the ALJ properly considered those opinions, the ALJ's error is not harmless and requires reversal.[21]

In her motion for summary judgment, Anne requests that the Court remand to the Commissioner for an immediate award of benefits. ECF No. 13 at 20. This Court, however, is not in a position to reweigh the evidence, nor can it conclude that the ALJ would be required to find Anne disabled after properly evaluating the medical opinions and Anne's testimony.[22] The appropriate remedy is to remand for the ALJ to conduct further proceedings. On remand, the ALJ shall reevaluate the opinions of Dr. Marks, Nurse Dell, and Therapist Benson; reassess Anne's subjective complaints and make new RFC findings in light of

---

opinions of nurse and counselor solely because they were "other sources" was reversible error).
[20] See Lester, 81 F.3d at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995); Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).
[21] See Molina, 674 F.3d at 1115.
[22] See Leon v. Berryhill, 880 F.3d 1041, 1046-48 (9th Cir. 2017) (affirming the district court's decision to remand for further proceedings, rather than remand for payment of benefits, where the record reveals conflicts, ambiguities, or gaps).

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 13

those opinions; exercise her discretion in receiving new, additional evidence; and make a new disability determination.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.
2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.
3. For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).
4. The Clerk's Office is directed to enter **JUDGMENT** in favor of the Plaintiff.
5. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter Judgment for Plaintiff, and provide copies to counsel.

**DATED** this ___12th___ day of July 2018.

                                s/Edward F. Shea _____
                                    EDWARD F. SHEA
                      Senior United States District Judge